UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO CHIROPRACTIC<br>& SPORTS INJURY CENTER, LTD., <br><br>Plaintiff,<br><br>v.<br><br>GREAT PLAINS LABORATORY, INC.<br>and JOHN DOES 1-10,<br><br>Defendants. | 10 C 6151<br><br>Magistrate Judge Keys |

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT

The Renewed Motion of Plaintiff Chicago Chiropractic & Sports Injury Center, Ltd. ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with defendant Great Plains Laboratory, Inc. ("Great Plains" or "Defendant") came on for hearing on July 11, 2011.

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release (the "Agreement") attached as Appendix A to Plaintiff's Renewed Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and after hearing argument of the parties, due notice having been given and the Court being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under

1

the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of Settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with facsimile numbers who, in July, 2010, were sent a facsimile in the form of <u>Exhibit A</u> to the Second Amended Complaint, by or on behalf of Great Plains promoting its goods or services for sale and who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

3. The Court hereby preliminarily appoints Plaintiff Chicago Chiropractic & Sports Injury Center, Ltd. as representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court hereby preliminarily appoints the following lawyers as counsel to the Settlement Class and finds that counsel meets the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5. Plaintiff's Counsel or their agent shall give notice of the settlement, its terms, the right to opt out, appear, and the right to object to the settlement as set forth in the Agreement. The Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

6. The form of notice that Plaintiff's Counsel or their agent will provide is attached as Exhibit 1 to the Agreement. By August 15, 2011, Plaintiff's Counsel or their agent will send the notice substantially in the form of Exhibit 1 to the Agreement by facsimile to each Class Member identified on the Class List. This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The Court finds and orders that no other notice is necessary. Plaintiff's Counsel or their agent shall provide the Notice and/or the Claim Form to those Class Members who call to request it. Plaintiff's Counsel will also post the Notice, but not the Claim Form, and Exhibit A to the Second Amended Complaint on its website.

7. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement and directs that parties to incorporate the deadlines and dates in the Notice:

3

(a) Claim Forms shall be returned by Class Members to Plaintiff's Counsel or their agent by fax or mail postmarked on or before October 14, 2011. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to Class Counsel and Defendant's counsel on or before October 14, 2011. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone facsimile number; (b) a statement of the objection to the Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before October 14, 2011, or shall be forever barred.

(d) Requests by any Class Member to opt out of the Settlement must be faxed or mailed postmarked to Plaintiff's Counsel or their agent on or before October 14, 2011, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address and the telephone facsimile number; (b) a signed statement that expressly states an intent of the Class Member not to participate in the Agreement and to waive all rights to the benefits of the Agreement.

8. Plaintiff's Counsel or their agent shall file an affidavit regarding notice by September 30, 2011.

9. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) no later than July 29, 2011.

10. Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by November 14, 2011. Plaintiff's Counsel shall file a memorandum in support of final approval of the Settlement on November 14, 2011.

11. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on Nov. 21, 2011 at 10 AM

12. Any responses to objections, shall be filed with the Court on or before November 14, 2011. There shall be no replies from objectors.

13. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

14. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: July 11, 2011

*Arlander Keys*
Magistrate Judge Keys